UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

This document relates to:

*Evans v. Wyeth*, C03-3610

 

This matter comes before the court on a motion to dismiss filed by defendant Wyeth. Having considered the briefs filed in support of and opposition to this motion, the court finds and rules as follows.

This case was filed by plaintiff Maggie Pearl Evans, on behalf of herself and her deceased husband Johnnie Evans, on December 30, 2002 in Mississippi state court, and was subsequently transferred to this MDL. Mrs. Evans passed away on February 10, 2003. On May 25, 2005, Wyeth filed a suggestion of death pursuant to Fed. R. Civ. P. 25(a)(1). That rule provides, in relevant part,

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party. . . . Unless the motion for substitution is made not later than 90 days after the death is suggested

ORDER
Page – 1 –

upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Plaintiff filed a motion to substitute daughter Cassandra Evans on August 19, 2005 only days before expiration of the 90-day period. In an order dated December 1, 2005, the court denied plaintiff's motion, finding that Cassandra Evans had not been appointed personal representative of her mother's estate, and therefore was not a proper substitute in this action.

Wyeth now asks that the court dismiss this matter on two independent grounds. Wyeth first argues that absent a finding of excusable neglect justifying an extension of the 90-day deadline, dismissal of Evans' case is mandatory. *See* Fed. R. Civ. P. 25(a)(1) (in the event of noncompliance, "the action *shall* be dismissed as to the deceased party")(emphasis added). Wyeth argues that plaintiff has neither requested nor received an extension of time from this court, and has failed to put forth any circumstances supporting a finding of excusable neglect. To date, Cassandra Evans has still not been appointed personal representative of her mothers' estate, nor has plaintiff made an effort to substitute any other party to this action.

Wyeth also moves for dismissal on the grounds that plaintiff has not submitted a PFS complete in all respects, as required by CMOs 6 and 19. According to Wyeth, deficiencies include failure of plaintiff (or a legal representative) to sign the declaration form attached to the PFS, and failure to submit HIPAA-compliant

ORDER
Page – 2 –

authorization forms.[1]

In her response plaintiff does not request an enlargement of time, and sets forth no set of facts in an attempt to excuse her neglect. Instead, plaintiff responds that the court's December 1, 2005 order denying her motion to substitute provided "[a]t such time as Cassandra Evans is able to act on behalf of the estate, counsel may file a new motion for substitution." Dec. 1, 2005 Order at 2. Although she does not explicitly so argue, plaintiff is apparently asking the court to construe this language as a blanket extension of the Fed. R. Civ. P. 25(a)(1) deadline.

Plaintiff submits that Cassandra Evans has now been ap-pointed the administrator of her mother's estate; and that she is the "legal heir" of her parents' estate; and that under Missis-sippi law, "Damages for the injury and death of a married man shall be equally distributed to his wife and children." She concludes that a new motion for substitution will be forthcoming. Plaintiff does not address defendant's motion for dismissal for failure to submit a PFS complete in all respects.

The court finds that plaintiff has failed to comply with the rules governing the substitution of a legal representative of plaintiff's estate. The 90-day period provided by the rule has lapsed, and nothing in the court's order denying substitution provides for abrogation of the rule's deadline. Indeed, under the

---

[1]Instead, both forms were signed by Katrina Evans, plaintiff's daughter. Neither party argues that Katrina is authorized to act on her father's behalf.

ORDER
Page – 3 –

circumstances an extension of the deadline would have been improper, as one was never requested. Wyeth therefore never had a chance to argue whether plaintiff was entitled to an extension; to construe the court's language now as granting one would be a windfall to plaintiff and a denial of Wyeth's due process.

At bottom, plaintiff has failed to obtain substitution within the prescribed time, and has failed to demonstrate – or even to attempt to demonstrate – excusable neglect. That Cassandra Evans is the administrator of her mother's estate, or that she is her parents' legal heir, has no bearing on this conclusion. Under the plain language of Fed. R. Civ. P. 25(a)(1), plaintiff's case must be dismissed.

The court also finds in the alternative that the case warrants dismissal for failure to comply with the directives of CMOs 6, 6A, 19 and 19A. The PFS is not complete in all respects as required by these orders, a fact that plaintiff does not dispute. Under the standard for dismissal for failure to comply with a court order, the court is to evaluate (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). In this case, defendant served the PFS nearly two and a half years ago; plaintiff's delay has thwarted the public's interest in the expeditious resolution of this

ORDER
Page – 4 –

matter. Plaintiff's continuing delay also impedes the ability of
the court to manage its docket, problems compounded by the
complex nature of the multi-district litigation. The court also
finds that plaintiff's delay is prejudicial to defendants,
impairing defendants' ability to discover evidence before it is
lost. Finally, plaintiff's extreme recalcitrance in all aspects
of this case, including failure to move to substitute until days
before the deadline (and years after plaintiff's death); failure
to see a party properly appointed legal representative of the
plaintiff's estate; failure to seek an enlargement of time of the
relevant deadlines; failure to submit a PFS that is complete in
all respects; and other blatant failures in the conduct of this
case indicate to the court that less drastic measures would be
futile.

      For both of the foregoing alternative grounds, the court
GRANTS defendant's motion. This case is DISMISSED.


      DATED at Seattle, Washington this 29th day of March, 2006.



                              BARBARA JACOBS ROTHSTEIN

                              UNITED STATES DISTRICT JUDGE